UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ROYBAL,<br><br>    Petitioner,<br><br>vs.<br><br>KEVIN CHAPPELL, Warden of the California State Prison at San Quentin,<br><br>    Respondent. | Case No. 99cv2152-JM (KSC)<br><br>**DEATH PENALTY CASE**<br><br>ORDER:<br><br>(1) GRANTING REQUEST TO RESET BRIEFING SCHEDULE;<br><br>(2) ISSUING BRIEFING SCHEDULE ON PETITIONER'S APPLICATION FOR STAY OF FEDERAL HABEAS PROCEEDINGS; AND<br><br>(3) STAYING MAY 12, 2014 ORDER RE BRIEFING SCHEDULE ON REQUEST FOR EVIDENTIARY HEARING |

On June 3, 2014, Petitioner filed an Ex Parte Application to Reset Briefing Schedule Re His Request for an Evidentiary Hearing. (ECF No. 247.) Petitioner moves to stay the current briefing schedule for the motion for evidentiary hearing and adopt it as the briefing schedule for Petitioner's motion for a stay in light of the recent Supreme Court decision in Hall v. Florida, ___ U.S. ___, 2014 WL 2178332 (12-10882, May 27, 2014). For good cause shown, Petitioner's request to reset the briefing schedule is **GRANTED**.

Petitioner has also filed an Application for a Stay in the Federal Habeas Proceeding in order to seek review of the "Atkins [v. Virginia, 536 U.S. 304 (2002)] claim," Claim 11[1] ["Atkins claim"] of his First Amended Petition (previously raised in the California Supreme Court as Claim 3 of his state habeas petition in Case No. 156846). (See ECF No. 246.) Therefore, Respondent's Answer/Response to the Application is due on or before **Friday, July 11, 2014**, and Petitioner's Reply is due on or before **Friday, July 25, 2014**. In the remainder of the briefing to be submitted, the parties shall specifically discuss:

1. The impact of Hall, if any, on Petitioner's Atkins claim - particularly, whether Hall has an impact on an analysis of Petitioner's claim in light of California Penal Code section 1376 and the California Supreme Court's decision in In re Hawthorne, 35 Cal. 4th 40 (2005), given that in Hawthorne, like Hall, the Court declined to adopt a specific IQ cutoff, stating that "a fixed cutoff is inconsistent with established clinical definitions and fails to recognize that significantly subaverage intellectual functioning may be established by means other than IQ testing." Id., 35 Cal. 4th at 48; and,

2. The impact of Rhines v. Weber, 544 U.S. 269 (2005), if any, on Petitioner's request for a stay.

Accordingly, the Court's May 12, 2014 Order (see ECF No. 244), setting forth a briefing schedule as to Petitioner's request for an evidentiary hearing or other evidentiary development, is **STAYED** pending further order of the court.

**IT IS SO ORDERED.**

DATED: June 20, 2014

Hon. Jeffrey T. Miller
United States District Judge

---

[1] In the Application for a Stay, Petitioner states that the Atkins claim is Claim 16 of the First Amended Petition. (See ECF No. 246.) However, upon review of the First Amended Petition, Petitoner raises an Atkins claim as Claim 11 (while Claim 16 raises a claim of instructional error). (See ECF No. 215.)