1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ROYBAL, | CASE NO. 99cv2152 JM (KSC) |
| Petitioner, | *DEATH PENALTY CASE* |
| v. | **ORDER GRANTING RESPONDENT'S MOTION TO STAY COURT'S ORDER GRANTING WRIT OF HABEAS CORPUS PENDING APPEAL** |
| RON DAVIS, Warden of San Quentin State Prison, | |
| Respondent. | |

On December 2, 2015, the Court issued an Order Granting in Part and Denying in Part the Petition for Writ of Habeas Corpus, granting penalty phase relief on claims of prosecutorial misconduct, ineffective assistance of counsel and cumulative error. (ECF No. 284 at 99-113, 175-80, 222-25.)   In a separate Order also issued on December 2, 2015, the Court ordered the State "to either grant Petitioner a new penalty phase trial or to vacate the sentence of death and re-sentence Petitioner to life in prison without parole, within 120 days of the date of this Order."  (ECF No. 285.)   On December 2, 2015, the Clerk entered judgment in accordance with the Court's Orders. (ECF No. 286.)

///

99cv2152

1    On December 23, 2015, Respondent filed a notice of appeal.[1] (ECF No. 289.)

2    On December 23, 2015, Respondent also filed a motion ["Mot."] to stay the Court's

3    December 2, 2015 Order granting habeas relief and judgment under Federal Rule of

4    Appellate Procedure 8(a), pending appeal.  (ECF No. 290.)  On January 13, 2016,

5    Petitioner filed an Opposition ["Opp."] to the motion. (ECF No. 296.)  Respondent did

6    not file a reply.  Based on a review of the motion, opposition, and relevant law, the

7    Court **GRANTS** Respondent's motion for a stay pending appeal.

8                                 **DISCUSSION**

9          The parties agree that there are four factors to consider in determining whether

10   to stay an order granting habeas relief pending appeal, including: "(1) whether the stay

11   applicant has made a strong showing that he is likely to succeed on the merits; (2)

12   whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

13   the stay will substantially injure the other parties interested in the proceeding; and (4)

14   where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

15        **1.    Likelihood of Success on the Merits**

16        Respondent contends that "[t]he State is likely to succeed on appeal because this

17   Court did not undertake proper review of Roybal's claims arising from the prosecutor's

18   biblical reference," and asserts that the Court failed to properly apply Harrington v.

19   Richter, 562 U.S. 86 (2011), AEDPA, and Brecht v. Abrahamson, 507 U.S. 619 (1993)

20   to Petitioner's case.  (Mot. at 2-5.)  Respondent argues that "this Court never

21   articulated that no reasonable jurist could agree with the state court," and that "this

22   Court's decision indicates no more than its disagreement with the state court and that

23   on *de novo* review, it would have reached a different outcome."  (Id. at 2.)

24        Contrary to Respondent's contentions, the Court conducted a thorough review

25   of this claim under AEDPA, concluding that the California Supreme Court's

26   adjudication of his claim of error involved an unreasonable application of clearly

27   _____

28        [1] The Court also notes that Respondent and Petitioner have each separately
     appealed the Court's adjudication of the federal Petition, and have been assigned Ninth
     Circuit case numbers 15-99016 and 15-99017, respectively.  (See ECF No. 293.)

established federal law, and did not simply indicate "disagreement" with the state court's conclusion. (<u>See</u> ECF No. 286 at 101-06.) The Court concluded that "[i]n light of the requirement that such misconduct be reviewed in the context of the entire trial, the California Supreme Court's cursory analysis and conclusory rejection of this error as harmless was not merely erroneous, it was objectively unreasonable," and explicitly found that Petitioner had satisfied section 2254(d). (<u>Id.</u> at 105.)  Only after finding Petitioner had satisfied AEDPA did the Court conduct a harmlessness review, acknowledging that "[e]ven though Petitioner has satisfied AEDPA, the Court must still apply the <u>Brecht</u> test to determine if this error was prejudicial." (<u>Id.</u> at 108-13.)

Yet, the Court acknowledges that Respondent's position is not without basis, as the Court issued a certificate of appealability on several claims in the federal Petition, including the claim of prosecutorial misconduct and the related claim of ineffective assistance of counsel.  (<u>See id.</u> at 220-21.)   Accordingly, while unpersuaded that Respondent has demonstrated a "strong showing" of likely success on the merits sufficient to weigh the first factor in his favor, Respondent presents a claim worthy of appellate consideration.

### 2.   Injury to Respondent

Respondent notes that "[t]he Court gave the prosecution 120 days to reinstitute criminal proceedings related to the penalty phase for a murder that occurred 26 years ago.  The prosecution must therefore expend substantial effort and resources to locate witnesses and exhibits that may be difficult to find after the original penalty phase proceedings in 1992, and then prepare for and conduct a capital trial." (Mot. at 5.) Respondent points out that "[i]f the Court's order is ultimately reversed on appeal, the prosecution will be released from the burden of a new trial." (<u>Id.</u> at 5-6, citing <u>Franklin v. Duncan</u>, 891 F.Supp. 516, 520 (N.D. Cal. 1995) ("It makes little sense  for the State to be required to immediately conduct a murder trial if there is any possibility the trial could be mooted by a reversal of this Court's order on appeal.")).  Here, both parties have appealed the Court's adjudication of the federal Petition, and as in <u>Franklin</u>, it is

"highly unlikely" that the Ninth Circuit will resolve the matters pending prior to the expiration of the 120 day period set forth in the Court's December 2, 2015 Order.  See id. at 520-21.

Petitioner maintains that mounting a retrial would not be "an onerous task," and notes that the evidence is available, as counsel for Petitioner recently examined the trial exhibits, the original trial prosecutor remains employed at the district attorney's office, and Respondent has not specifically shown that locating witnesses will be difficult. (Opp. at 4-5.)

However, the penalty phase proceedings in this case took place in 1992, well over 20 years ago, and it is evident that a retrial of those proceedings presents a substantial undertaking.  In light of the fact that Respondent and Petitioner have each sought appellate review of the Court's December 2, 2015 Order, which places both the conviction and sentence at issue, requiring the prosecution to pursue a penalty phase retrial at this stage would result in irreparable injury to the State given the possibility of reversal.  This factor weighs in favor of a stay.

### 3.      Injury to Other Parties

Respondent asserts that "issuance of a stay would not prejudice Roybal because he would essentially be in the same position as now- facing a retrial of the penalty phase."  (Mot. at 6.)  Petitioner argues that: "It is in the interest of justice that his penalty phase trial commence without the delay inherent in waiting for the appeals process.  Continuing his status as a condemned prisoner would not only constitute injury in terms of the physical and emotional stress of facing execution, but would extend the constitutional violation flowing from the prosecutor's misconduct during closing argument."  (Opp. at 6.)

Because the habeas relief granted was limited to the penalty phase alone and the Court denied relief with respect to the conviction and special circumstances finding, it appears, release is not contemplated regardless of this Court's decision on the instant motion.  See Cal. Const. Art. 1 § 12 ("A person shall be released on bail by sufficient

sureties, except for: (a) Capital crimes when the facts are evident or the presumption great; . . .")  Indeed, the Court's December 2, 2015 Order gave the State of California the option of either retrying Petitioner's penalty phase or re-sentencing him to life in prison without parole.  (See ECF No. 285.)  While the Court is cognizant of the fact that Petitioner remains on death row, it is clear that Petitioner was convicted of grave crimes and would not be entitled to release regardless of the Court's decision on this matter.  Accordingly, the Court finds that in this instance, issuance of a stay would not "substantially injure" other parties to the habeas proceedings.

### 4.   Public Interest

Respondent argues that the State and its citizenry have a public interest in both the effectiveness of state courts and in being protected from criminals convicted of capital murder and argue that "[t]he public interest favors preserving the status quo while California pursues its rights in the Court of Appeals."  (Mot. at 6.)  Petitioner, meanwhile, asserts that "there is at least an 'equally strong public interest in ensuring that no man be denied of his liberty without a trial that meets constitutional standards and observes his constitutional rights.'"  (Opp. at 7, quoting Griffin v. Harrington, 2013 WL 3873958, at *5 (C.D. Cal. 2013).)  Again, as discussed above, the habeas relief granted was limited to the penalty phase and Petitioner would not be entitled to release regardless of whether the stay is granted or denied.  As such, neither parties' arguments concerning liberty interests or protection from convicted criminals are implicated in this matter.  The Court agrees, however, that public interest weighs in favor of not expending considerable effort and expense to retry a decades-old criminal proceeding that could ultimately be nullified on appeal.  This last factor weighs in favor of a stay.

### CONCLUSION

The Court concludes that the factors outlined in Hilton weigh in favor of granting the stay in this case.  See Hilton, 481 U.S. at 776.  As an additional matter, Petitioner requests that "[i]f this Court grants the motion for a stay, Petitioner asks that the portion of the judgment ordering a stay of execution continue in full effect until the

appellate courts [sic] acts upon the appeal or the order of stay remain in effect." (Opp. at 7.)  Local rules provide for a stay of execution pending appeal, the Court issued the stay in the December 2, 2015 Order, and the case has since been appealed to the Ninth Circuit.  The stay of execution will remain in place pending appeal.

Based on the considerations discussed above, Respondent's motion for a stay of the Court's December 2, 2015 Order to retry or re-sentence Petitioner is **GRANTED**. Pursuant to Local Rule HC.3(g)(6), the Court's order of a stay of execution remains in effect pending appellate court action on that stay or on the appeal.

**IT IS SO ORDERED.**

DATED:  January 28, 2016

Hon. Jeffrey T. Miller
United States District Judge